UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY DEWAYNE ELKINS,<br><br>　　　　Petitioner,<br><br>　v.<br><br>VICTORVILLE U.S.P.,<br><br>　　　　Respondent. | Case No. CV 18-06973-RGK (RAO)<br><br>ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS FOR LACK OF JURISDICTION |

## I.　BACKGROUND

On August 14, 2018, the Court received from Petitioner Jerry Dewayne Elkins ("Petitioner") a Petition for Writ of Habeas Corpus by a Person in Federal Custody pursuant to 28 U.S.C. § 2241 ("Petition"). (Pet., Dkt. No. 1.) Petitioner seeks relief from his sentence based on his actual innocence, shackling during his criminal trial, and ineffective assistance of counsel. (*See* Pet. at 5-8.)[1]

Petitioner is a federal prisoner currently incarcerated at the United States Penitentiary in Victorville, California. Petitioner's incarceration is the result of a 2013 conviction in the United States District Court for the Eastern District of Missouri following Petitioner's trial for conspiracy to commit racketeering, in

---

[1] The Court cites to the Petition using the automatic pagination provided by the Court's electronic docket.

violation of 18 U.S.C. § 1962(d) (count 1), and conspiracy to commit murder in aid of racketeering activity, in violation of 18 U.S.C. § 1959(a)(5) (count 13). *See* Judgment, *United States v. Smith, et al.*, No. 4:11-cr-00246-CDP-12 (E.D. Mo.), Dkt. No. 1491.² The District Court sentenced Petitioner to a term of 210 months imprisonment on count 1 and 120 months imprisonment on count 13, to run concurrently for an aggregate term of 210 months. *Id.*

Petitioner appealed to the Court of Appeals for the Eighth Circuit, where he challenged the sufficiency of the evidence and argued that the District Court abused its discretion by not utilizing a special verdict form. *See United States v. Henley*, 766 F.3d 893, 909, 914-15 (8th Cir. 2014). The Eighth Circuit disagreed, affirming the judgment of the District Court. *Id.* at 916-17. The United States Supreme Court denied the petition for writ of certiorari on May 4, 2015. *See Henley v. United States*, 135 S. Ct. 2065, 191 L. Ed. 2d 968 (2015).

On May 6, 2016, Petitioner filed a motion pursuant to 28 U.S.C. § 2255 in the Eastern District of Missouri. *See Elkins v. United States*, No. 4:16-cv-00645-CDP (E.D. Mo.), Dkt. No. 1. On November 6, 2017, Petitioner moved to amend his motion to include a claim under *Johnson v. United States*, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015), and *Dimaya v. Lynch*, 803 F.3d 1110, 1111 (9th Cir. 2015), requesting that his convictions be vacated because conspiracy to commit murder no longer qualifies as a crime of violence. *See Elkins v. United States*, No. 4:16-cv-00645-CDP (E.D. Mo.), Dkt. No. 12. On April 9, 2018, the District Court denied Petitioner's section 2255 motion. *See id.*, Dkt. No. 19. The District Court also denied leave to amend, concluding that it would be "futile" because Petitioner was not sentenced under the Armed Career Criminal Act or classified as a "career

---

² The Court takes judicial notice of the dockets of the Eastern District of Missouri and of the Court of Appeals for the Eighth Circuit in the cases involving Petitioner cited herein. *See* Fed. R. Evid. 201 (providing that a court may take judicial notice of adjudicative facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned"); *Harris v. Cty. of Orange*, 682 F.3d 1126, 1131-32 (9th Cir. 2012) (noting that a court may take judicial notice of federal and state court records).

2

offender," and thus *Johnson* did not apply. *See id.* Petitioner filed a motion to amend or alter the judgment, which was denied on May 16, 2018. *See id.*, Dkt. Nos. 22, 23.

On May 24, 2018, Petitioner appealed the District Court's denial of his section 2255 motion, which the Eighth Circuit treated as an application for certificate of appealability. *See Elkins v. United States*, No. 18-2122 (8th Cir.), Dkt. No. 1. The Eighth Circuit declined to act on Petitioner's August 14, 2018 motion for second or successive 2255 petition, which he filed "in the event of a[n] adverse decision of [his] pending circuit case." *See id.*, Dkt. No. 9.

## I. STANDARD OF REVIEW

Petitioner seeks relief by way of a habeas petition under 28 U.S.C. § 2241. A Court may apply the Rules Governing Section 2254 Cases in the United States District Courts to other types of habeas corpus actions, including actions under 28 U.S.C. § 2241. *See* Rule 1(b) of the Rules Governing Section 2254 Cases; *Lane v. Feather*, 584 F. App'x 843 (9th Cir. 2014); *Philip v. Tews*, No. CV 16-01987 CJC (AFM), 2016 WL 1732699, at *2 n.2 (C.D. Cal. Apr. 29, 2016).

Under Rule 4 of the Rules Governing Section 2254 Cases, the Court may dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

## II. DISCUSSION

Petitioner asserts that his petition satisfies the exception for section 2255 petitions and is properly brought as a section 2241 petition. (*See* Pet. at 2, 4-5.) For the reasons that follow, the Court finds that Petitioner cannot proceed with a section 2241 petition in this District.

///
///
///
///

**A.     The Requested Relief is Properly Sought in a Section 2255 Motion**

Section 2255 provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). "The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention . . . ." *Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006). That is, as a general matter, "motions to contest the legality of a sentence must be filed under § 2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court." *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000) (per curiam); *see* 28 U.S.C. §§ 2241(d), 2255(a).

Petitioner is a federal prisoner, and his Petition contests the legality of his sentence rather than the manner, location, or conditions of its execution. Thus, Petitioner's request for relief presumably should be asserted under section 2255. *See* 28 U.S.C. § 2255(a); *Hernandez*, 204 F.3d at 864. Petitioner contends that section 2255's "savings clause"—also referred to as the "escape hatch"—applies, allowing him to proceed with a section 2241 petition. (*See* Pet. at 2, 4-5.) *See* 28 U.S.C. § 2255(e); *Harrison v. Ollison*, 519 F.3d 952, 956 (9th Cir. 2008); *Stephens*, 464 F.3d at 897; *Hernandez*, 204 F.3d at 864-65.

Thus, whether Petitioner may proceed under section 2241 in this District turns on whether section 2255's escape catch applies.

### B. Petitioner Does Not Qualify for Section 2255's Escape Hatch

Petitioner contends that proceeding under section 2241 in this District is appropriate because he is asserting actual and factual innocence. (Pet. at 2, 4.) He contends that after his conviction, new Supreme Court decisions held that "crime of violence" is unconstitutionally vague, and thus his convictions under the Racketeer Influenced and Corrupt Organizations Act ("RICO") and Violent Crimes in Aid of Racketeering Act ("VICAR") should be vacated. (*See id.* at 5-6.)

#### 1. Legal Standard

As noted above, a section 2255 motion generally is "the exclusive means by which a federal prisoner may test the legality of his detention." *Stephens*, 464 F.3d at 897. "The one exception to the general rule is what [is] called the 'escape hatch' of § 2255." *Stephens*, 464 F.3d at 897; *see Harrison*, 519 F.3d at 956. "The escape hatch permits a federal prisoner to file a habeas corpus petition pursuant to § 2241 to contest the legality of a sentence where his remedy under § 2255 is inadequate or ineffective to test the legality of his detention." *Stephens*, 464 F.3d at 897 (quoting *Hernandez,* 204 F.3d at 864-65) (internal quotation marks omitted).

The escape hatch provision is found in 28 U.S.C. § 2255(e), which states:

> An application for a writ of habeas corpus [on] behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

In the Ninth Circuit, "a motion meets the escape hatch criteria of § 2255 when a petitioner (1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim." *Harrison*, 519 F.3d at 959 (quoting *Stephens*, 464 F.3d at 898) (internal quotation marks omitted); *see Muth v.*

*Fondren*, 676 F.3d 815, 819 (9th Cir. 2012). These two requirements will be addressed in turn.

### 2. Petitioner Does Not State a Claim of Actual Innocence

"[A] claim of actual innocence for purposes of the escape hatch of § 2255 is tested by the standard articulated by the Supreme Court in *Bousley v. United States*, 523 U.S. 614, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998)." *Stephens*, 464 F.3d at 898. "To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley*, 523 U.S. at 623 (quoting *Schlup v. Delo*, 513 U.S. 298, 327-328, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995)) (internal quotation marks omitted); *accord Stephens*, 464 F.3d at 898. "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623-24 (citing *Sawyer v. Whitley*, 505 U.S. 333, 339, 112 S. Ct. 2514, 2518-19, 120 L. Ed. 2d 269 (1992)), *accord Muth*, 676 F.3d at 819. Rather, "[a] petitioner is actually innocent when he was convicted for conduct not prohibited by law." *Alaimalo v. United States*, 645 F.3d 1042, 1047 (9th Cir. 2011).

#### a. Petitioner's Claims Under *Johnson* and *Dimaya*

Petitioner contends that he was "convicted for only one predicate act that at this point is no longer criminal in nature," following the Supreme Court's rulings in *Johnson* and *Sessions v. Dimaya*, 138 S. Ct. 1204, 1210, 200 L. Ed. 2d 549 (2018). (Pet. at 5; *see id.* at 6-7.) Petitioner argues that because he was convicted for only one predicate act, after the Court vacates his conviction on count 13 for conspiracy to commit murder, then count 1 also lacks the requisite predicate act to support his conviction for conspiracy to commit racketeering. (*See id.* at 7.)

First, in denying Petitioner leave to amend his first section 2255 motion to add a *Johnson* claim, the District Court observed that Petitioner "was not sentenced under the Armed Career Criminal Act or classified as a 'career offender.'" *Elkins*

6

*v. United States*, No. 4:16-cv-00645-CDP (E.D. Mo.), Dkt. No. 19 at 12. The District Court therefore determined that *Johnson* did not apply to Petitioner's conviction and sentence, so amendment to add a *Johnson* claim would be futile. *Id.*

Similarly, *Dimaya* does not apply to Petitioner's conviction and does not support a claim of actual innocence. In *Dimaya*, the Supreme Court held that the residual clause of the federal criminal code's definition of "crime of violence" is unconstitutionally vague.[3] *See Dimaya*, 138 S. Ct. at 1223. But Petitioner was not convicted of committing a "crime of violence." Petitioner was convicted of conspiracy to commit racketeering in violation of 18 U.S.C. § 1962(d). "Racketeering activity" includes "any act or threat involving murder." 18 U.S.C. § 1961(1). Petitioner was also convicted of violating 18 U.S.C. § 1959(a)(5), which punishes anyone who "murders, kidnaps, maims, assaults with a dangerous weapon, commits assault resulting in serious bodily injury upon, or threatens to commit a crime of violence . . . or attempts or conspires so to do" for the benefit of an enterprise engaged in racketeering activity. 18 U.S.C. 1959(a)(5). Petitioner's conviction was predicated on conspiracy to commit murder, not a vague "crime of violence." *See* Judgment, *United States v. Smith, et al.*, No. 4:11-cr-00246-CDP-12 (E.D. Mo.), Dkt. No. 1491; *see also* Pet. at 5 ("convicted of RICO & VICAR conspiracy to commit murder"); *id*. at 6 ("My conviction of Count XIII VICAR conspiracy to commit murder . . . .).

Therefore, these cases do not support Petitioner's claim that he was convicted for conduct not prohibited by law, and Petitioner has not stated a claim of actual innocence.

///

///

---

[3] The residual clause provides that "any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense" is a "crime of violence." 18 U.S.C. § 16(b).

|   |   |
|---|---|
| 1 | b. Petitioner's Other Claims |

Petitioner also contends that during his criminal trial, he was shackled in the presence of the jury and his attorney appeared to be heavily medicated. Construing these claims as raising claims related to due process and ineffective assistance of counsel, these are not claims of actual innocence as that term is meant in the context of section 2255's escape hatch because Petitioner does not challenge the factual evidence leading to his conviction. *See Bousley*, 523 U.S. at 624 ("'[A]ctual innocence' means factual innocence, not mere legal insufficiency."). As a result, Petitioner does not qualify for section 2255's escape hatch. *See Schlup*, 513 U.S. at 316 ("Without any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim.").

### 3. Petitioner Did Not Lack an Unobstructed Procedural Shot to Present His Claims

The second requirement to qualify for section 2255's escape hatch is the lack of an unobstructed procedural shot for the petitioner to have previously presented a claim. *Harrison*, 519 F.3d at 959. Section 2255's escape hatch "is narrow," and its "remedy is not inadequate or ineffective merely because § 2255's gatekeeping provisions prevent the petitioner from filing a second or successive petition." *Ivy v. Pontesso*, 328 F.3d 1057, 1059 (9th Cir. 2003) (internal quotation marks omitted). Thus, the "general rule in [the Ninth Circuit] is that the ban on unauthorized second or successive petitions does not per se make § 2255 inadequate or ineffective." *Stephens*, 464 F.3d at 898 (quoting *Lorentsen v. Hood*, 223 F.3d 950, 953 (9th Cir. 2000)) (internal quotation marks omitted). Further, "[t]he remedy under § 2255 usually will not be deemed inadequate or ineffective merely because a prior § 2255 motion was denied or because a remedy under § 2255 is procedurally barred." *Reed v. Matevousian*, No. 1:15-cv-01019-SKO HC, 2016 WL 7374586, at *3 (E.D.

Cal. Dec. 20, 2016) (citing *Aronson v. May*, 85 S. Ct. 3, 5, 13 L. Ed. 2d 6 (1964); *Tripati*, 843 F.2d 1160, 1162-63 (9th Cir. 1988)).

The dispositive inquiry is whether Petitioner's claim "was unavailable to him during his direct appeal and his first § 2255 motion." *Alaimalo v. United States*, 645 F.3d 1042, 1047 (9th Cir. 2011). This requires the Court to consider "(1) whether the legal basis for petitioner's claim did not arise until after he had exhausted his direct appeal and first § 2255 motion; and (2) whether the law changed in any way relevant to petitioner's claim after that first § 2255 motion." *Harrison*, 519 F.3d at 960 (citation omitted) (quoting *Stephens*, 464 F.3d at 898; *Ivy*, 328 F.3d at 1060-61 (internal quotation marks omitted)). "An intervening court decision must effect a material change in the applicable law to establish unavailability" of a claim on direct appeal or in a prior section 2255 motion. *Alaimalo*, 645 F.3d at 1047 (citing *Harrison*, 519 F.3d at 960).

Petitioner asserts a claim arising from him being shackled in the presence of the jury "without any justification." (Pet. at 7.) Petitioner also alleges that during his criminal trial, his attorney was heavily medicated due to cancer treatments. (*Id.* at 8.) Petitioner seeks an evidentiary hearing on this claim. (*Id.*) The legal basis for these claims was already established at the time of Petitioner's direct appeal and first section 2255 motion. Indeed, Petitioner raised both of these claims within his first section 2255 motion, and the district judge denied his petition and his request for an evidentiary hearing. *See Elkins v. United States*, No. 4:16-cv-00645-CDP (E.D. Mo.), Dkt. No. 1 at 12-19, Dkt No. 19 at 3-11. Petitioner therefore cannot be said to have lacked an unobstructed procedural shot to present these claims.

Petitioner also relies on *Johnson* to argue that the one predicate act supporting his conviction is "no longer criminal in nature" and that VICAR conspiracy to commit murder is no longer a "crime of violence." (Pet. at 5-6.) Petitioner cannot demonstrate that this basis for his claim was unavailable during his prior section 2255 motion. Petitioner filed his prior section 2255 motion in May

9

2016, nearly a year after *Johnson* was decided in June 2015. Moreover, the District Court denied Petitioner's request to amend his section 2255 motion to raise a *Johnson* claim, finding that such an amendment would be futile because *Johnson* did not apply to the manner in which Petitioner was sentenced. *See Elkins v. United States*, No. 4:16-cv-00645-CDP (E.D. Mo.), Dkt. No. 19 at 12. Thus, the basis for this claim was also already established—and was raised by Petitioner—at the time of his first section 2255 motion. *See Harrison*, 519 F.3d at 960 (the Court considers whether the legal basis for the claim arose after a petitioner's appeal and section 2255 motion and whether the law changed thereafter). Petitioner cannot be said to have lacked an unobstructed procedural shot to present his *Johnson* claim.

For this additional reason, the instant Petition does not qualify for section 2255's escape hatch.[4]

## C. Dismissal Rather than Transfer of This Action Is Appropriate

The Court has concluded that the instant Petition does not qualify for section 2255's escape hatch and that Petitioner must proceed, if at all, by way of a section 2255 motion in the Eastern District of Missouri. Consequently, the Court must determine whether to transfer this action to that District or to simply dismiss it.

Pursuant to 28 U.S.C. § 1631, "[w]henever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed . . . ." This statute applies in habeas proceedings. *See Cruz-Aguilera v. I.N.S.*, 245 F.3d 1070, 1074

---

[4] Petitioner also asserts that his conviction should be vacated pursuant to *Dimaya* for the same reasons raised with respect to *Johnson*. (Pet. at 2, 5-7.) *Dimaya* was decided by the Supreme Court on April 17, 2018, eight days after the District Court denied Petitioner's first section 2255 motion. But as previously discussed, the claim asserted under *Dimaya* is not one of actual innocence. Petitioner therefore does not qualify for section 2255's escape hatch with respect to this claim regardless whether he had an unobstructed procedural shot to present it. *See Harrison*, 519 F.3d at 959 (a section 2255 motion satisfies the escape hatch criteria when a petitioner makes a claim of actual innocence *and* he lacked an unobstructed procedural shot at presenting the claim).

(9th Cir. 2001); *Miller v. Hambrick*, 905 F.2d 259, 262 (9th Cir. 1990); *see also Muth*, 676 F.3d 815 ("If the district court construes the filing as a § 2255 motion and concludes that it therefore lacks jurisdiction, it may transfer the case to the appropriate district."). "Transfer is appropriate under § 1631 if three conditions are met: (1) the transferring court lacks jurisdiction; (2) the transferee court could have exercised jurisdiction at the time the action was filed; and (3) the transfer is in the interest of justice." *Cruz-Aguilera*, 245 F.3d at 1074 (citing *Kolek v. Engen,* 869 F.2d 1281, 1284 (9th Cir. 1989)).

Here, this Court lacks jurisdiction over the instant Petition, and so the first requirement for transfer is satisfied. As discussed above, section 2255 motions must be filed in the sentencing court, while section 2241 petitions must be filed in the custodial court. *Hernandez*, 204 F.3d at 864; *see* 28 U.S.C. §§ 2241(d), 2255(a). The determination of which provision provides the proper avenue for relief implicates a court's jurisdiction over the matter. *See Hernandez*, 204 F.3d at 865 ("An inquiry into whether a § 2241 petition is proper . . . is critical to the determination of district court jurisdiction."); *see also Muth*, 6767 F.3d at 818. In this case, Petitioner does not qualify for section 2255's escape hatch, and therefore this Court lacks jurisdiction.

The second condition for transfer is not satisfied in this case. If brought as a section 2255 motion in the Eastern District of Missouri, the instant Petition would be a second or successive motion, as Petitioner previously has filed (and was denied relief on) a section 2255 motion. Petitioner thus would have to obtain authorization from the Eighth Circuit in order to proceed, and his failure to obtain authorization would deprive the Eastern District of Missouri of jurisdiction over the motion. *See* 28 U.S.C. § 2255(h). A search of the Eighth Circuit's docket reveals that Petitioner does not have the requisite authorization. Petitioner filed a request, dated August 7, 2018, for leave to file a second or successive section 2255 motion "in the event of a[n] adverse decision" in his Eighth Circuit request for a certificate of appealability.

11

*See Elkins v. United States*, No. 18-2122 (8th Cir.), Dkt. No. 9. The docket text indicates that "NO ACTION WILL BE TAKEN with this 'motion for second and successive 2255,' submited [sic] in case pending appeal is denied." *Id.* Petitioner's request for a certificate of appealability remains pending before the Eighth Circuit. Thus, the Eastern District of Missouri could not exercise jurisdiction over this action.

The third condition for transfer also is not satisfied in this case. Because the Eastern District of Missouri could not exercise jurisdiction over the Petition, transfer of this action would not further the interests of justice. *See Cunningham v. Langford*, No. CV 16-5942 JAK (SS), 2016 WL 6637949, at *5-6 (C.D. Cal. Oct. 13, 2016) (dismissing rather than transferring a putative section 2241 petition, and stating that "the [Court of Appeals for the transferee district] has previously denied Petitioner leave to present his claim through a § 2255 motion, so transfer would likely be futile" (citation omitted)), *report and recommendation adopted*, 2016 WL 6635626 (C.D. Cal. Nov. 9, 2016).

For these reasons, transfer of this action is not warranted, and dismissal is appropriate.

### III. ORDER

Based on the foregoing, IT IS ORDERED THAT the Petition is **DISMISSED** without prejudice for lack of jurisdiction.

DATED: August 28, 2018

_____
GARY KLAUSNER
UNITED STATES DISTRICT JUDGE

Presented by:

_____
ROZELLA A. OLIVER
UNITED STATES MAGISTRATE JUDGE